IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY M. PITTMAN, INDIVIDUALLY and as INDEPENDENT EXECUTOR OF CYNTHIA PITTMAN, <br><br> Plaintiff, <br><br> v. <br><br> MTGLQ, INVESTORS, L.P., <br><br> Defendant. | § § § § § § § § § § § § § § § | Civil Action No. 4:17-cv-00569-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss (ECF No. 7), filed July 25, 2017. After Plaintiff failed to respond to Defendant's Motion, the Court held a status conference, via telephone, on August 24, 2017 (ECF No. 24), during which Plaintiff requested additional time to file a response to Defendant's Motion. The Court granted the extension of time and ordered Plaintiff to file any response to the Motion by September 8, 2017. *Id*. As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has not filed a response to Defendant's Motion.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant's Motion to Dismiss (ECF No. 7) and DISMISS Plaintiff's claims with prejudice.

**I.     BACKGROUND**

Defendant removed this diversity case from the 153rd Judicial District Court of Tarrant County, Texas on August 30, 2017. ECF No. 1. Plaintiff Jerry Pittman ("Mr. Pittman") filed his

Original Petition and Application for Temporary Restraining Order against Defendant MTGLQ, Investors, L.P., and sought injunctive relief. ECF. No. 1-2. The Original Petition is based on an attempted foreclosure of property located at 3705 Pelican Court, Arlington, Texas ("the Property"). *Id*. On or about October 10, 1996, Mr. Pittman and his wife, Cynthia Pittman, signed a promissory note with LEND USA. *Id*. The Pittmans owned the Property as joint tenants, each having an undivided interest as their sole, separate property. *Id*. On July 23, 2003, Cynthia Pittman passed away, and Mr. Pittman was appointed as Independent Executor of his wife's estate. *Id*. On August 7, 2013, JPMorgan Chase Bank, N.A. sent a Notice of Acceleration to Mr. Pittman because a payment of the past due balance had not been received by the mortgage servicer. ECF No. 7-1 at 39. Mr. Pittman alleges that he was offered Borrower's Assistance and a Loan Modification, and thus foreclosure would be improper. ECF No. 1-2.

Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal because Mr. Pittman's "allegations do not support any cause of action." ECF No. 7. The Motion to Dismiss is confined to the following arguments: (1) Mr. Pittman's bare-bone allegations do not support any cause of action and (2) Mr. Pittman requests injunctive relief without pleading an underlying cause of action. *Id*. As of today's date, Mr. Pittman has not filed a response to the Motion.

The undersigned also notes that Mr. Pittman is a member of the bar of this Court though he is appearing in this case *pro se*.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that

the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III. ANALYSIS

Mr. Pittman's Original Petition consists of a "Fact" section, which indicates "Plaintiff was offered Borrower's Assistance and a Loan Modification. The Loan Modification forms have been submitted to the Plaintiff by the Defendant. Plaintiff needs additional time for Defendant to review and approve the modification forms." ECF No. 1-2. Mr. Pittman also requests injunctive relief, seeking to prevent the foreclosure sale of the Subject Property set for July 4, 2017. *Id*. Furthermore, Mr. Pittman prays that the Court enter "a judicial determination that Defendants do not have a right to divest the Estate of Cynthia Pittman of her undivided interest in the Subject Property [if a] Loan Modification [is] approved by the Defendant." ECF No. 1-2. The Court construes Mr. Pittman's Original Petition as seeking a declaratory judgment and injunctive relief.

A declaratory judgment action requires the parties to litigate some underlying claim or cause of action. A declaratory judgment is not itself a cause of action, only a form of relief the court may grant. Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) ("A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought."); *see also Val–Com Acquisitions Trust v. Citimortgage, Inc.*, 421 Fed. App'x 398, 400–01 (5th Cir. 2011) ("In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant.").

Similarly, a request for injunctive relief is not a standalone claim, but instead depends on an underlying cause of action. *See Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Here, the request for injunctive relief as to the July 4, 2017 sale is moot. ECF No. 1-2. Prior

4

to removal, the 153rd Judicial District Court of Tarrant County, Texas issued a Temporary Restraining Order that expired on July 14, 2017. ECF No. 1-5 at 5. Mr. Pittman pleads no underlying cause of action to be entitled to either declaratory or injunctive relief. Therefore, they should be dismissed.

## IV. OPPORTUNITY TO AMEND

Notwithstanding Mr. Pittman's failure to plead a legally valid cause of action, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.,* 370 F.Supp.2d 552, 567–68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002)). "Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint." *Jeanbaptiste v. Wells Fargo Bank*, *N.A.*, No. 3:14–CV–264–K, 2014 WL 2158415, at *12 (N.D. Tex. May 22, 2014) (citing *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir. 1995).

Here, Mr. Pittman has yet to file a response to Defendant's Motion to Dismiss (ECF No. 7), filed July 25, 2017. Mr. Pittman requested additional time to respond, and the Court granted his request and ordered him to file any response to the Motion by September 8, 2017. *Id*. Because Mr. Pittman has had ample time to respond to Defendant's Motion to Dismiss, and to seek leave to amend his pleadings, providing an additional opportunity to amend is unwarranted.

*Pro se* litigants are generally entitled to a broad reading of their submissions because of their lack of familiarity with the law, but that is not the case with attorneys who have chosen to represent themselves. *See Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012) *(citing Fenner v. City of N.Y.,* No. 08–CV–2355 (BMC) (LB), 2009 WL 5066810, at *3 (E.D.N.Y. Dec. 21, 2009)). Generally, courts do not afford special deference to a *pro se* litigant when the litigant is an attorney. *See, e.g., Sauviac v. Cannizzaro*, 2015 WL 7734090 (E.D. La. Nov. 30, 2015) (finding that "because Plaintiff is an attorney representing himself *pro se*, he is fully responsible for all of his dilatory conduct in this action."); *see also Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) (lawyers appearing *pro se* cannot claim the special consideration which the courts customarily grant to *pro se* parties)). Because the leniency normally accorded to a *pro se* litigant generally does not extend to an attorney who represents himself, the undersigned determines that Mr. Pittman should not be given yet more time to respond to Defendant's Motion or to amend his pleadings.

## V.   CONCLUSION

Because Mr. Pittman has not alleged a legally valid cause of action against Defendant, his claims for declaratory and injunctive relief fail as a matter of law. Furthermore, Mr. Pittman, an attorney and member of the bar of this Court, has not filed a response to the Motion to Dismiss despite the Court's extending the deadline for him to do so. Nor has he sought leave to amend his pleadings. Consequently, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion and dismiss Plaintiff's claims against Defendant with prejudice for failing to state a claim upon which relief may be granted.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed September 21, 2017.

                                                                            Hal R. Ray, Jr.
                                                                            UNITED STATES MAGISTRATE JUDGE